UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dr. Lisa Tibor,

Plaintiff,

v. Case No. 14-10920

Michigan Orthopaedic Institute, *et al.*, Sean F. Cox
United States District Court Judge

Defendants.
_________________________________/

**ORDER DENYING**
**DEFENDANT BEAUMONT'S MOTION FOR RECONSIDERATION**

Plaintiff is a surgeon who was negotiating an employment arrangement with Defendants Michigan Orthopaedic Institute ("MOI") and William Beaumont Hospital ("Beaumont"). She alleges that after she moved here from California, and after she began working for Defendants, they asked her to sign certain contracts that she believed violated the law. Plaintiff alleges that she advised Defendants that the contracts violated the law and that Defendants terminated her employment after she refused to sign the contracts. Thereafter, Plaintiff filed this action against Defendants, asserting two counts: 1) "Retaliation in Violation of the False Claims Act" (Count I); and 2) "Discharge in Breach of Public Policy (under Michigan law)" (Count II).

The matter came before the Court on Motions to Dismiss filed by Defendants. In an Opinion & Order issued on December 5, 2014, this Court dismissed Count II but rejected the challenges to Count I.

On December 19, 2014, Defendant Beaumont filed a "Motion for Reconsideration Or, Alternatively, Motion for Clarification Of Order Denying In Part Beaumont's Motion To

Dismiss." (Docket Entry No. 23). Plaintiff filed a response to the motion on January 6, 2015.

The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. For the reasons that follow, the Court shall DENY the motion.

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules for the United States District Court for the Eastern District of Michigan, which provides that:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3). Thus, a motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

In order to grant a motion for reconsideration, the movant must demonstrate a palpable defect by which the court has been misled and must also show that correcting the defect will result in a different disposition of the case. Having reviewed Beaumont's Motion for Reconsideration, the Court concludes that Beaumont has not met that burden.

In its motion, Beaumont: 1) "requests reconsideration due to the Court's Opinion having found that Plaintiff stated a claim against Beaumont as an independent contractor, despite that fact not being alleged in the complaint;" and 2) in the alternative, seeks "clarification" of this Court's Opinion & Order because Beaumont believes "[t]his Court's Opinion could be read to

conclude, as a finding of fact, that Plaintiff was Beaumont's independent contractor."

In its motion, Defendant Beaumont asked this Court to dismiss the False Claims Act count as to it, because: 1) the act's retaliation provision only applies to an action by an employer or an entity in control of the employment; and 2) Beaumont did not control the terms and conditions of Plaintiff's employment. (Def. Beaumont's Motion to Dismiss Br. at 9-10). In making these arguments, Beaumont noted that the Recruitment Agreement, referenced in and central to Plaintiff's Complaint, states that Plaintiff "is acting as an independent contractor and not as an agent or employee of Hospital." (*Id.* at 12) (quoting Recruitment Agreement).

In response to Beaumont's motion, Plaintiff argued, among other things, that the Court must reject this challenge because Beaumont claims Plaintiff was an independent contractor and contractors are now included among those persons protected under the Act.

This Court made no factual findings as to whether or not Plaintiff was an independent contractor to, or an employee of, Defendant Beaumont. Rather, this Court simply rejected Beaumont's challenge, finding that Plaintiff had sufficiently alleged[1] an employment-like relationship for purposes of a False Claims Act claim under § 3730(h). Accordingly, IT IS ORDERED that Beaumont's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 12, 2015

[1]When evaluating the adequacy of the allegations contained in a complaint, a district court may consider documents referenced in, or attached to, the complaint and central to the plaintiff's claims. *Devlin v. Kalm*, 531 F. App'x 697, 703 (6th Cir. 2013) (citing *Amini v.Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dr. Lisa Tibor,

Plaintiff,

v.

Michigan Orthopaedic Institute, *et al.*,

Defendants.
_________________________________/

Case No. 14-10920

Sean F. Cox
United States District Court Judge

PROOF OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager